UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

RAILROAD CONSTRUCTION CO. OF         :
SOUTH JERSEY, INC.,                  :      Hon. Joseph H. Rodriguez
                                     :
            Plaintiff,               :      Civil Action No. 08-377
                                     :
            v.                       :      **Opinion**
                                     :
JP RAIL, INC, d/b/a SOUTHERN         :
RAILROAD COMPANY OF NEW JERSEY,      :
                                     
            Defendants.

 

      This matter comes before the Court on Plaintiff Railroad Construction Company of South Jersey, Inc.'s ("RCC") Motion for Pre- Judgment Interest [184]. The Court has considered the written submissions of the parties and the oral arguments advanced at the hearing on this matter on April 1, 2015. For the reasons expressed on the record that day, and those that follow, Plaintiff's motion for prejudgment interest is granted.

      The Supreme Court recognizes prejudgment interest as an element of the plaintiff's "complete compensation." Osterneck v. Ernst & Whinney, 489 U.S. 169, 175, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (citation omitted). In a breach of contract case, the "the law of the forum state—in this case, New Jersey—applies to questions of process, of which the award of interest is one[.]" Gleason v. Norwest Mortg., Inc., 253 Fed.Appx. 198, 203–04 (3d Cir. 2007). Both parties agree that New Jersey law governs the Contract, and in New Jersey, equitable principles govern the award of prejudgment interest. See W.A. Wright, Inc. v. KDI Sylvan Pools, Inc., 746 F.2d 215, 219 (3d Cir. 1984) (citing Bak-A-Lum Corp. of America v. Alcoa Building Products, Inc., 69 N.J. 123, 351 A.2d 349 (N.J. 1976)). Thus, the decision to award prejudgment interest is left to the

sound discretion of the Court. Id. at 204 (citing County of Essex v. First Union National Bank, 186 N.J. 46, 891 A.2d 600, 608 (2006)). In a contract case, the trial court determines the date on which prejudgment interest starts to accrue. County of Essex, 186 N.J. at 61–62, 891 A.2d 600.

This is a breach of contract action in which Plaintiff alleges that Defendant failed to remit payment on numerous invoices for the period of time spanning from 2002-2006. A complete recitation of the facts can be found in the Court's March 19, 2012 and March 31, 2014 Opinions. See Railroad Construction Co. of South Jersey, Inc. v. JP Rail, Civ. No. 08-377, 2012 WL 924824 (D.N.J. March 19, 2012); id., 2014 WL 1300015 (D.N.J. March 31, 2014). For purposes of this motion the relevant facts are as follows.

On January 29, 2015, judgment was entered in favor of Plaintiff in the amount of $777, 471.29. See Dkt. No. 180. The Affidavit of Jamie A. Daloisio, RCC's Vice-President, sets forth a schedule of interest accumulated as to each invoice. See Daloisio Aff., Ex. A. The spreadsheet calculates the interest accrued under three different rates: 1) the Wall Street Prime Rate, 2) the Borrowing Rate and, 3) the alleged agreed upon rate. Id. The Borrowing Rate reflects the amount of interest charged to RCC by its lenders during the relevant time period. Plaintiff claims that the agreed upon rate reflects one and a half percent (1.5 %) per month for each invoice included in the Judgment; this rate equals eighteen percent (18%) per annum.

Defendant agrees that, as calculated, the spreadsheet prepared by Mr. Daloisio is reasonable and Defendant does not dispute the calculations therein. However, Defendant contends that there is no evidence of a written agreement as to the application of the eighteen percent per annum rate Plaintiff claims the parties agreed upon. Plaintiff admits the eighteen percent per annum interest rate is not reflected on

the invoices and that the only evidence of its application comes from the deposition testimony of Mr. Daloisio, who claims there was an agreement made with Mr. Joseph Petaccio, JP Rail's deceased President. On this record, the Court will not apply the alleged agreed upon interest rate of eighteen percent per annum.

In its brief and during oral argument, Plaintiff argued for application of the Borrowing Rate. Although not briefed, on the record Plaintiff sought an additional award of three percent to compensate Plaintiff for the alleged business disadvantage it endured as a result of Defendant's failure to make timely payments. Under this argument, Plaintiff claims that its ability to secure credit and procure business was weakened by its perception as a financially unstable company. Plaintiff attributes that perception to the fact that Defendant's refusal to satisfy the invoices caused Plaintiff to have nearly one million dollars in accounts receivable outstanding. Because Plaintiff's oral request for an additional assessment of three percent interest lacks foundation in the record, the request is denied.

Finally, the Court notes the difficulties in bringing this case to final resolution. While both parties bear responsibility for the significant delays, a review of the docket indicates that Plaintiff sought and received numerous and substantial extensions of time to meet filing deadlines. Equitable principles dictate that Plaintiff not benefit from the passage of time directly attributed to its inaction. Plaintiff is not prejudiced by delay attributable to Defendant; the Defendant's delay is to Plaintiff's financial benefit in this instance.

The practical effect of an award of prejudgment interest is indemnification of the claimant for loss of funds that "would have been earned had payment not been delayed." W.A. Wright, Inc., 746 F.2d at 219. After a review of the substantial record and upon

consideration of the arguments, the Court finds that Plaintiff is entitled to an award of prejudgment interest. See County of Essex,186 N.J. 46, 891 A.2d 600.  Plaintiff's request for prejudgment interest using the Borrower's Rate is granted in part. See Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 390 (2009) (In a contract case, the applicable rate of interest is left to the sound discretion of the trial judge.)  The interest calculation using the Borrower's Rate yields an award of $398, 104.70. See Daloisio Aff., Ex. A.  Given the delays attributable to Plaintiff, the Court will reduce the amount of the award by $25, 610.94.[1] As a result Plaintiff is awarded prejudgment interest in the amount of $372, 632.25.

      An appropriate Order shall issue.


      Dated: April 2, 2015


                                        s/ Joseph H. Rodriguez
                                        Hon. Joseph H. Rodriguez
                                        UNITED STATES DISTRICT JUDGE

---

[1] In calculating the delay, the Court considered the unusual amount of and the duration of the extensions of time requested by Plaintiff coupled with the delay of nearly 120 days in filing the Amended Complaint. Although the Court finds that the extensions of time and the period of delay were not taken in bad faith or for tactical purposes, the extensions of time requested by Plaintiff total nearly one year.  Given the unusual length of this case, equitable principles compel this Court to use its discretion and remove from consideration the interest accrued from the 2014 calendar year and the calculations for January, 2015.  This is not meant to punish Plaintiff; rather it is an equitable adjustment given Plaintiff's inability to move forward for significant periods of time. See Hunts Point Co-Op Market, Inc. v. Madison Financial, LLC, 421 Fed. App'x. 153, 165 (3d Cir. 2009) (District Court afforded discretion in formulating the equities of a prejudgment interest award.)